KIRT J. HOPSON (CA State Bar No. 111091)
*kjhlawoffice@hotmail.com*
LAW OFFICE OF KIRT J. HOPSON
7847 Florence Ave, Suite 112
Downey, CA 90240
Telephone: (562) 861-6313
Facsimile: (562) 806-5517

SCOTT JAMES EADIE (CA State Bar No. 108345)
*wrkcomp1@aol.com*
LAW OFFICE OF SCOTT JAMES EADIE
5000 Birth Street, Suite 3000
Newport Beach, CA 92660
Telephone: (949) 221-9633
Facsimile: (714) 730-1902

Attorneys for Plaintiff Mitchell Ira Roth,
as Guardian ad Litem for minor Ivy Doe

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| MITCHELL IRA ROTH, as Guardian ad Litem for minor Ivy Doe<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, a political subdivision of the State of California; JOHN McMAHON, in his individual capacity and in his official capacity as the Sheriff of the County of San Bernardino; VICTOR MORENO, in his individual capacity and his official capacity as a Captain of the San Bernardino County Sheriff's Department; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 5:20-cv-01944<br><br>**COMPLAINT FOR DAMAGES FOR:**<br>1. 42 U.S.C. Section 1983 - Failure to Protect from Harm 14th Amendment/ Due Process of Law and Failure to Protect<br>2. 42 U.S.C. Section 1983 - Municipal Liability - Unconstitutional Custom, Practice or Policy<br>3. 42 U.S.C. Section 1983 - Municipal Liability - Ratification<br>4. 42 U.S.C. Section 1983 – Municipal Liability – Failure to Train<br>5. Gross Negligence and Bad Faith |

6. 42 U.S.C. Section 1983 - Substantive Due Process— Deliberate Indifference to Serious Life, Liberty and Medical Needs and Interference with Familial Relationship
7. 42 U.S.C. Section 1983- Deprivation of Substantive Due Process Rights
8. Grossly Negligent Hiring, Training, and Supervision
9. 42 U.S.C. Section 1983 - Unreasonable Search and Seizure
10. Medical Malpractice/Wrongful Death
11. Medical Malpractice/Survival Action
12. Failure to Furnish Medical Treatment
13. Wrongful Death

**DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff MITCHELL IRA ROTH, as Guardian ad Litem for minor Ivy Doe (hereinafter referred to as "Plaintiff") for causes of action against Defendants COUNTY OF SAN BERNARDINO ("COSB"), JOHN McMAHON ("McMAHON"), VICTOR MORENO ("MORENO"), and DOES 1 through 50, inclusive, (hereinafter collectively referred to as "Defendants") who complain and allege as follows:

**JURISDICTION AND VENUE**

1.    At all times relevant to the matters stated in this Complaint, there was in force and effect the Constitution of the United States which provided in relevant part as follows:  No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within

1  its jurisdiction the equal protection of the laws.  Constitution of the United States,

2  Amendment XI.

3      2.    At all times relevant to the matters stated in this Complaint, there was in

4  force and effect a federal law known as the Civil Rights Act of 1871 which provided

5  in relevant part as follows: Every person who, under color of any statute, ordinance,

6  regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any

7  citizen of the United States. . . to the deprivation of any rights, privileges or

8  immunities secured by the Constitution and laws, shall be liable to the party injured

9  in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. §

10  1983.

11      3.    At all times relevant to the matters stated in this Complaint, there were

12  in force and effect certain regulations in the State of California which provide for

13  medical services for persons housed in adult institutions.

14      4.    When a police department in California books and takes a person into

15  custody, California law prescribes specific procedures for the detention and care of

16  said individuals.

17      5.    Defendants, by their acts or omissions as set forth above, showed

18  deliberate indifference to a serious and known medical condition of the decedent.

19      6.    As a consequence of one or more of the foregoing acts or omissions of

20  the various Defendants, as set forth above, failed to provide Ms. Medina with

21  adequate medical care and demonstrated a deliberate indifference to her medical

22  condition. As the proximate result of all the above, Ms. Medina suffered excruciating

23  pain and suffering, and ultimately death.

24      7.    The Court has authority pursuant to 42 U.S.C. § 1983 to award

25  appropriate actual, consequential, compensatory, and punitive damages, and has

26  authority under 42 U.S.C. § 1988 to award attorney fees and costs to successful civil

27  rights plaintiffs.

28

8.     This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1376 because the claims form part of the same case or controversy arising under the U.S. Constitution and federal law.

9.     Plaintiff alleges that the actions and omissions stated above and below by the Defendant COSB Sheriff's Department constitutes a government department that is operating in a grossly negligent manner and in complete bad faith.

10.     Plaintiff's claims arose in the County of San Bernardino.   Venue therefore lies in the Central District Eastern Division of California pursuant to 28 U.S.C. § 1391(b)(2).   Federal Rules of Civil Procedure and local rules authorize assignment to this division because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in San Bernardino County.

## PARTIES

11.     Plaintiff MITCHELL IRA ROTH, as Guardian ad Litem for minor Ivy Doe, at all times herein relevant, is and was a resident of the City of San Bernardino located in the county of San Bernardino, California.

12.     Decedent Ellen Medina is the daughter of Samuel J. Medina and mother of minor Ivy Doe and was a resident of the County of San Bernardino. Ellen Medina's date of birth is December 12, 1988, and she was 30 years old on the date of her passing sometime between on or about September 7 and September 11, 2019.  At the time of her death, Ellen Medina was a pretrial detainee at the West Valley Detention Center.

13.     Minor Ivy Doe is the lawful heir of the decedent and, pursuant to Section 377.60 of the California Code of Civil Procedure, is the person entitled to bring an action for the death of the decedent Ellen Medina, and is doing so through her guardian ad litem Mitchell Ira Roth.

14.     Defendant COSB is a political subdivision of the State of California, duly created and existing under the Constitution and the laws of the State of

California, and, at all times relevant to this Complaint, provided jail services through its Sheriff's Department, in accordance with California law, at various facilities, including the West Valley Detention Center in the City of Rancho Cucamonga ("West Valley Detention Center"); in so doing, COSB had delegated the authority for the operation of its jail facilities, including the making of policies as to individuals in custody in those facilities, to its Sheriff.

15. At all times relevant to this Complaint, and at the present time, Defendant McMAHON was employed by COSB as the Sheriff of the County of San Bernardino, and, in doing the things alleged in this Complaint, McMAHON was at all times acting within the course and scope of his employment, in his official capacity as Sheriff, as a policymaker of COSB, and in his individual capacity, under the color of law as a local law enforcement officer. McMAHON was at all times herein mentioned both a supervisorial Defendant and a policymaker within the COSB Sheriff's Department, and had the authority and responsibility to supervise and control employees under his command, including the other Defendants identified herein, and had the power to prevent or aid in the prevention of misconduct by his subordinates.

16. At all times relevant herein, McMAHON was the policy making official of the COSB as to the operations of the COSB Sheriff's Department as that term applies to municipal liability under 42 U.S.C. Section 1983.

17. At all times relevant to this Complaint, Defendant MORENO was employed by COSB as a Captain of the San Bernardino Sheriff's Department, and as the Commander of the West Valley Detention Center, and, in doing the things alleged in this Complaint, MORENO was at all times acting within the course and scope of this employment, in his official capacity as Captain and Commander, and in his individual capacity, under the color of law as a local law enforcement officer.

18. At some time prior to the acts alleged in this Complaint, McMAHON had further delegated, at least in part, the policymaking authority that was entrusted

in him by COSB, as to the operation of the jail facilities at the West Valley Detention Center, to MORENO, as Commander; as such, MORENO was also vested with the position of a policymaker of COSB.

19.     The true names of the Defendants sued in this Complaint as DOES 1 through 50, inclusive, are presently unknown to Plaintiff, who therefore sues them by these fictitious names.  Plaintiff will amend this Complaint to show the names of these Defendants when they are discovered.

20.     Plaintiff is informed and believes, and on that basis alleges that each of Defendants fictitiously named as DOES 1 through 50, inclusive, are responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

21.      At all times relevant to this Complaint, Defendants DOES 1 through 50, inclusive, were employed by COSB in some capacity within the COSB Sheriff's Department at the West Valley Detention Center, and, in doing the things alleged in this Complaint, each of Defendants DOES 1 through 50, inclusive, were at all times acting within the course and scope of this employment, in his or her official and individual capacities, under color of law as a local law enforcement officer or other local public employee.

22.     At all times relevant to this Complaint, each of Defendants DOES 6 through 10, inclusive, were a manager, supervisor, and policymaker and at all times acting within the course and scope of this employment, in his or her official and individual capacities, under color of law as a local law enforcement officer or other local public employee.  At all relevant times, DOES 6 through 10, inclusive, were acting with the complete authority and ratification of their principal, Defendant COSB's Sheriff's Department.

23.     At all times relevant to this Complaint, Defendants DOES 11 through 15, inclusive (collectively, "Deputy Defendants") were employed by Defendant

COSB as Deputies of the County of San Bernardino Sheriff's Department assigned to work at the West Valley Detention Center, and, in doing the things alleged in this Complaint, were each acting within the course and scope of this employment, his or her official capacity as a Deputy and in his or her individual capacity, under color of law as a local law enforcement officer. All Deputy Defendants who were deputy sheriffs and employees of the COSB Sheriff's Department engaged in all of the conduct complained of pursuant to the policy, custom, and practice of Defendants COSB and McMAHON.

24. At all times relevant to this Complaint, each of the Deputy Defendants had a duty to protect pretrial detainees and assure that all pretrial detainees received proper medical care.

25. Each of the Defendants' alleged conduct was under color of State law.

26. Each of the individual Defendants are being sued in their individual capacity as well as their official capacity.

27. At all times herein alleged, Defendant COSB had the power, right, and duty to control the manner in which the individual Defendants carried out the objectives of their employment, to assure pretrial detainee Ellen Medina and other pretrial detainees were protected, and to assure that all orders, rules, instructions, and regulations promulgated were consistent with the United States Constitution, the California Constitution, the laws of the United States, the laws of the State of California, and the laws of the municipality.

28. Defendants, and each of them, performed the acts and omissions alleged herein in bad faith and with knowledge that their conduct violated well and clearly established and settled law.

29. Pursuant to California Government Code Section 820(a) "Except as provided by statute (including Section 820.2), a public employee is liable for injury caused by his act or omission to the same extent as a private person." Pursuant to

Civil Code Section 1714, everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person.

30.     Pursuant to California Government Code Section 815.2, Defendant COSB, as a public entity, is liable for any injury proximately caused by any act or omission of its employees made within the scope of his or her employment, if the act or omission would have given rise to a cause of action against the employee.

31.     Within the time provided by law, Plaintiff filed a claim with the County of San Bernardino, which was denied on March 24, 2020.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

32.     This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the injury resulting in death to Ellen Medina occurring on or about September 7 and September 11, 2019.

33.     On or about September 7, 2019, Ellen Medina was arrested by the Upland Police Department and charged with Child Endangerment and Possession of Drug Paraphernalia.

34.     At the time of the arrest, drug paraphernalia including meth pipes were seen near Ellen Medina.

35.     Ellen Medina was booked and taken to the West Valley Detention Center.

36.     It was known, by the Defendants, that during the arrest and at the time of booking that Ellen Medina was either under the influence of meth or other drugs or suffering from other medical conditions that required medical treatment.

37.     At intake and during the custody of Ellen Medina, the Defendants had the necessary medications, personnel and ability to treat Ellen Medina's withdrawal or other medical conditions that would result in her death.

38.    Defendants failed to observe, monitor or provide basic care for Ellen Medina.  Defendants were aware of the deadly consequences resulting from failure to provide basic care and protection to Ellen Medina once entrusted to their care. Individuals at the highest levels of Defendant COSB knew that their employees and other Defendants were failing to do routine safety checks on their inmates and were failing to provide basic levels of care and protection.

39.    That for all times relevant, Defendants maintained a contractual partnership to provide healthcare and healthcare management services to individuals detained at the West Valley Detention Center.

40.    Shortly after being assigned a jail cell, Ellen Medina began to complain to jail staff and defendants that she was ill, needed medication, and wanted to see a doctor.  Her pleas were ignored.

41.    Ellen Medina's health deteriorated rapidly over the following days. During this time, she complained to both the staff at the West Valley Detention Center and on the phone to her family.  She knew she was in serious medical danger.

42.    In the days before her death, Ellen Medina was in obvious medical distress and unable to stand on her own and was unable to speak clearly.  Defendants failed to do any welfare or safety checks on Ellen Medina, and had they done so would have seen her rapid deterioration. This failure to do systematic welfare or safety checks was a problem known by Defendants.

43.    Throughout this time period, various jail staff and the Defendants observed Ms. Medina in a jail cell in obvious medical distress and still refused to call an ambulance.

44.    Defendants' failure to treat Ms. Medina's drug withdrawal and/or medical conditions could result in death, yet Defendants did nothing to monitor, aid, and help to prevent the death of Ms. Medina while in their custody.

/ / / /

45.    Ellen Medina died in custody of Defendant COSB's Sheriff's Department.

## **FIRST CAUSE OF ACTION**

**Failure to Protect from Harm in Violation of the Fourteenth Amendment to the Constitution of the United States (Survival Action – 42 U.S.C. § 1983)**

**Against All Defendants and Does 1 Through 50, Inclusive**

46.    Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 45 as if fully set forth herein.

47.    Defendants were on notice that their deficient policies, procedures, and practices alleged herein created substantial risk of serious harm, including self-inflicted harm, to an inmate in Ms. Medina's position.

48.    Defendants were on notice that their policies, procedures, and practices for monitoring inmates in the lockdown units at the Jail were inadequate and gave rise to a substantial risk of serious harm.

49.    Defendants failed to properly train and supervise staff regarding policies, procedures, and practices necessary for the protection of inmates from harm, including self-inflicted harm.

50.    As a direct and proximate result of Defendants' conduct, Ellen Medina experienced physical pain, severe emotional distress, and mental anguish over a period of days, as well as loss of her life and other damages alleged herein.

51.    The aforementioned acts of individual Defendants were conducted with conscious disregard for the safety of Ellen Medina and others, and were therefore malicious, wanton, and oppressive. As a result, Defendants' actions justify an award of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

/ / / /

/ / / /

COMPLAINT

## SECOND CAUSE OF ACTION

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

**Against All Defendants and Does 1 Through 50, Inclusive**

52.    Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 51 as if fully set forth herein.

53.    The acts of Defendants deprived Ellen Medina of her rights under the United States Constitution.  Defendants acted under the color of state law.

54.    Defendants acted pursuant to either an expressly adopted official policy or a longstanding practice or custom of Defendants. The conduct of the employees of Defendant COSB's Sheriff's Department were a direct consequence of policies and practices of Defendants.

55.    On information and belief, Defendants were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Ellen Medina's injury.

56.    Defendants and DOES 1 through 50, maintained, *inter alia*, the following unconstitutional customs, practices, and policies:

a.    Providing inadequate training with respect to assessing whether a person in their custody may have an addiction or other medical condition which could pose a health risk to that person if not treated, monitored or assessed.

b.    Having a tacit policy of indifference towards persons in their custody who have an addiction or medical condition requiring treatment and a policy of ignoring obvious signs of distress requiring medical attention.

c.    Inadequately supervising, training, controlling, assigning, and disciplining Defendants' employees, and other personnel.

d.    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by Defendants' employees;

e.    Maintaining a policy of inaction and an attitude of indifference towards the care and treatment of those persons in custody who have a medical condition or addiction that requires monitoring, assessment and medical care;

f.    Maintaining a policy of inaction and an attitude of indifference towards understaffing at the West Valley Detention Center, including by failing to hire and train an adequate number of individuals to meet the needs of the West Valley Detention Center.

g.    Failing to properly supervise detainees so that they are not injured by Defendants' employees or other detainees.

h.    Discouraging staff, employees, contractors, and/or agents from calling necessary emergency medical rescue personnel to the jail in order to save costs, even when an inmate displays obvious signs of life-threatening medical distress.

57.    On information and belief, Defendants had actual notice and knowledge of the above failings and that the West Valley Detention Center maintained improper and/or outdated policies and procedures with respect to assessing, monitoring or treating of detainees with medical conditions or addictions.

58.    Defendants and DOES 1 through 50, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Ellen Medina, and other individuals similarly situated.

59.    By perpetrating, sanctioning, condoning and ratifying the outrageous conduct and other wrongful acts, Defendants acted with intentional, reckless, and callous disregard for Ellen Medina's constitutional rights. Furthermore, the policies,

1 | practices, and customs implemented, maintained, and still condoned by Defendants
2 | were affirmatively linked to and were a proximate cause of the injuries of Ellen
3 | Medina.

4 |      60.    Accordingly, Defendants and DOES 1 through 50 are liable to Plaintiff
5 | for compensatory damages under 42 U.S.C. § 1983.

6 | ### THIRD CAUSE OF ACTION

7 | **Municipal Liability – Ratification (42 U.S.C. § 1983)**

8 | **Against All Defendants and Does 1 Through 50, Inclusive**

9 |      61.    Plaintiff incorporates by reference each and every allegation in
10 | paragraphs 1 through 60 as if fully set forth herein.

11 |      62.    The acts of Deputy Defendants deprived Ellen Medina of her particular
12 | rights under the United States Constitution.  The Deputy Defendants acted under color
13 | of state law.

14 |      63.    Upon information and belief, a final policymaker, acting under color of
15 | law, who had final policymaking authority concerning the acts of Defendants ratified
16 | Defendants acts and the bases for them. Upon information and belief, the final
17 | policymaker(s) knew of and specifically approved of Defendant's acts. These final
18 | policymakers include all Defendants.

19 |      64.    Upon information and belief, a final policymaker, including Defendants
20 | have determined (or will determine) that the acts of Defendants were "within policy."

21 |      65.    On information and belief, Defendants were not disciplined,
22 | reprimanded, retrained, suspended, or otherwise penalized in connection with Ms.
23 | Medina's injuries or death and their above-mentioned acts and failures.

24 |      66.    Accordingly, Defendants and DOES 1 through 50 are liable to Plaintiff
25 | for compensatory damages under 42 U.S.C. § 1983.

26 | / / / /

27 | / / / /

28 |

COMPLAINT

**FOURTH CAUSE OF ACTION**

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

**Against All Defendants and Does 1 Through 50, Inclusive**

67.    Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 66 as if fully set forth herein.

68.    The acts of Deputy Defendants deprived Ellen Medina of her particular rights under the United States Constitution.  The Deputy Defendants acted under color of state law.

69.    The training policies of Defendants were not adequate to train its deputies to handle the usual and recurring situations with which they must deal, including with regard to assessing those pre-trial detainees who are in need of medical attention and care.

70.    On information and belief, Defendants, and/or DOES 1 through 50 had actual notice and knowledge that the West Valley Detention Center was understaffed and that untrained and poorly supervised employees such as Defendants were subjecting detainees in their custody improperly due to their lack of proper training and supervision.

71.    Moreover, Defendants were deliberately indifferent to the obvious consequences of their failures to train their employees and other Defendants' employees adequately.

72.    The failure of Defendants to provide adequate training, including training to Defendants, caused the deprivation of Ellen Medina's rights; that is, Defendant's failure to train is so closely related to the deprivation of Ellen Medina's rights as to be the proximate cause of her ultimate death.

73.    Accordingly, Defendants each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

/ / / /

## **FIFTH CAUSE OF ACTION**

### **Gross Negligence and Bad Faith**

### **Against Defendants and Does 1 Through 50, Inclusive**

74.    Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 73 as if fully set forth herein.

75.    At all times relevant, Defendant COSB's Sheriff's Department was the primary institution responsible for the medical care of pre-trial detainees housed at the West Valley Detention Center.

76.    Defendant COSB's Sheriff's Department had an independent duty to supervise and ensure that medical care was provided safely by its employees and/or agents at the jail.

77.    At all times relevant to this Complaint, Defendant COSB's Sheriff's Department acting through its employees and/or agents and through the other defendants had policies, practices, customs, and usages encouraging jail staff and medical to ignore obvious signs of medical distress involving individuals detained in jail custody.

78.    At all times relevant to this Complaint, Defendant COSB's Sheriff's Department, acting through its employees and/or agents and through the defendants had policies, practices, customs, and usages discouraging staff, employees, contractors, and/or agents from calling necessary emergency medical rescue personnel to the jail in order to save costs, even when an inmate displays obvious signs of life-threatening medical distress.

79.    At all times relevant to this Complaint, Defendant COSB's Sheriff's Department, acting through its employees and/or agents and through the defendants had policies, practices, customs, and usages which refused to properly train, monitor, supervise or ensure staff and/or agents or utilize a proper protocol concerning

/ / / /

COMPLAINT

summoning emergency medical personnel to the jail to assist an inmate in obvious serious medical distress.

80.     At all times relevant to this Complaint, Defendant COSB's Sheriff's Department, acting through its employees and/or agents and through the defendants had policies, practices, customs, and usages which, in an effort to reduce costs, discouraged jail staff and defendants to summon emergency medical rescue personnel, even during times of obvious signs of serious medical distress.

81.     At all times relevant to this Complaint, Defendant COSB's Sheriff's Department, acting through its employees and/or agents and through the Defendants had policies, practices, customs, and usages requiring confiscation of bona fide prescription medication upon a person's booking in jail, without regard to whether or not a life-saving medication.

82.     As a result of the above described policies and customs jail staff and the defendants believed that their actions and/or inaction would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be condoned.

83.     The wrongful policies, practices, customs, and/or usages complained of herein on the part of Defendants to the constitutional rights of persons needing medical care in its jail facility created an unreasonably unsafe environment for inmates with health concerns, and were the direct and proximate cause of Ms. Medina's death.

84.     As a direct and proximate result of the Defendants' gross negligence and bad faith, and despite the knowledge that Ellen Medina was in imminent danger, Defendants did nothing to help her.

85.     The acts and omissions of Defendants herein described that constitute gross negligence and bad faith (and their management, administrative, designers, planners, training personnel, maintenance personnel, inspectors and/or other

employees, staff, agents or contractors, acting within the course and scope of their duties), proximately caused the death of Ellen Medina.

86.    Further, Defendant COSB's Sheriff's Department and its employees acting within the scope of their employment acted in bad faith and failed to exercise even scant care in the performance of these undertakings and promises.  The bad faith conduct and failure to exercise even scant care resulted in physical harm to Ellen Medina; and either (a) their gross negligence increased the risk of such harm, or (b) the undertaking or promises were to perform a duty that the other owed to Ellen Medina, or (c) the harm was suffered because either the other or Ellen Medina relied on the undertaking.

## SIXTH CAUSE OF ACTION

**Substantive Due Process—Deliberate Indifference to Constitutional Rights –**

**Life, Liberty, Safety and Medical Needs (42 U.S.C. § 1983)**

**Against All Defendants and Does 1 Through 50, Inclusive**

87.    Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 86 as if fully set forth herein.

88.    Ellen Medina had a cognizable interest under the Substantive Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including actions that constitute deliberate indifference to serious medical needs, health, and safety, and from state actions that constitute violations of her civil right to prompt and adequate police services, emergency services and medical care. Defendants violated Ellen Medina's right to bodily security by delaying health and safety services and thus ensuring her injury. Moreover, Defendants put Ellen Medina in a position of danger by their actions, including by impeding access to safety services, police services, emergency services and medical care. Defendants knew that Ellen Medina was suffering a safety and health crisis, and

1  they increased the danger by failing to follow procedures.  Instead, Defendants
2  performed the above described grossly negligent acts. The aforementioned actions of
3  Defendants, along with other as yet undiscovered conduct, shock the conscience, in
4  that they acted with deliberate indifference to the constitutional rights of Ellen
5  Medina, and with purpose to harm unrelated to any legitimate law enforcement
6  objective.

7  89.    Defendants thus violated the substantive due process rights of Ellen
8  Medina to be free from state actions that deprive her of life, liberty, or property in
9  such a manner as to shock the conscience, including actions that constitute deliberate
10 indifference to serious medical, health, and safety needs, and actions that constitute
11 violations of her civil right to prompt and adequate police services and medical care.

12 90.    As a direct and proximate cause of the acts of Defendants, Ellen Medina,
13 prior to her death while in pretrial detention, suffered emotional distress, mental
14 anguish, and pain, and Plaintiff is suffering and will continue to suffer emotional
15 distress, mental anguish, and pain.

16 91.    The conduct of Defendants was willful, wanton, malicious, and done
17 with reckless disregard for the rights and safety of Ellen Medina and therefore
18 warrants the imposition of exemplary and punitive damages as to Defendants.

19 **SEVENTH CAUSE OF ACTION**
20 **Deprivation of Substantive Due Process Rights in Violation of First and**
21 **Fourteenth Amendments to the Constitution of the United States –**
22 **Loss of Parent/Child Relationship (42 U.S.C. § 1983)**
23 **Against All Defendants and Does 1 Through 50, Inclusive**

24 92.    Plaintiff incorporates by reference each and every allegation in
25 paragraphs 1 through 91 as if fully set forth herein.

26 93.    The aforementioned acts and/or omissions of Defendants in being
27 deliberately indifferent to Ellen Medina's serious medical needs, health, and safety,

28

violated Ellen Medina's constitutional rights, and their failure to train, supervise, and/or take other appropriate measures to prevent the acts and/or omissions that caused the untimely and wrongful death of Ellen Medina deprived minor Ivy Doe of her liberty interests in the parent-child relationship in violation of her substantive due process rights as defined by the First and Fourteenth Amendments of the Constitution.

94.    As a direct and proximate result of the aforementioned acts and/or omissions of Defendants, minor Ivy Doe suffered injuries and damages as alleged herein.

95.    The aforementioned acts of individual Defendants were conducted with conscious disregard for the safety of Ellen Medina and others, and were therefore malicious, wanton, and oppressive.  As a result, Defendants' actions justify an award of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## EIGHTH CAUSE OF ACTION

### Grossly Negligent Training, Hiring, and Supervision

### Against All Defendants and Does 1 Through 50, Inclusive

96.    Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 95 as if fully set forth herein.

97.    Law enforcement agencies, including Defendant COSB's Sheriff's Department, have a duty to properly hire, train, control, and supervise their employees.

98.    Defendant COSB's Sheriff's Department failed to properly and adequately train regarding the proper care, assessment and treatment of detainees who required medical care due to a medical condition or addiction.

99.    On information and belief, Defendants had actual notice and knowledge that the West Valley Detention Center was understaffed and that untrained and poorly supervised detention center employees such as Defendant COSB's Sheriff's

Department employees failed as described above throughout this Complaint due to their lack of proper training and supervision.

100.   Defendants knew that their employees did not have the adequate skills and training to assess, monitor, care or treat detainees who required medical care due to a medical condition or addiction.

101.   The gross negligence and/or recklessness of the Defendants with regard to adequate training of their employees caused Ellen Medina's injuries.  In other words, Defendants' failure to train is so closely related to the deprivation of Ellen Medina's rights and injuries as to be a substantial factor in causing her injuries and, ultimately, her death.

102.   As a direct and proximate result of Defendants' conduct as alleged above, and other as yet undiscovered negligent conduct, Ellen Medina was caused to suffer severe pain and suffering and, ultimately, death.  Also, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered emotional distress and mental anguish and injuries requiring medical expenses.

## NINTH CAUSE OF ACTION

### Unreasonable Search and Seizure—Denial of Constitution Rights, Life, Liberty, Emergency Services and Medical Care (42 U.S.C. § 1983)

### Against All Defendants and Does 1 Through 50, Inclusive

103.   Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 102 as if fully set forth herein.

104.   Defendants had a duty to take reasonable measures in response to the obvious serious medical need and risk posed by Ms. Medina's condition.

105.   Defendants were aware that Ms. Medina's condition began to deteriorate, and yet took no action to provide or request medical care for Mr. Medina, disregarding the obvious risk to her health.

/ / / /

106.    Defendants violated Ellen Medina's right to prompt and adequate emergency/medical services and medical care by delaying her emergency police services, ambulance, otherwise impeding her access to medical care, and thus ensuring her injury.  Defendants knew that Ellen Medina was suffering an emergency crisis that threatened her health and well-being, and they denied police/emergency services and medical care to Ellen Medina by failing to follow procedures resulting in a deprivation of her constitutional rights.

107.    The actions of Defendants, including denial of emergency and police services, medical care, deprived Ellen Medina of her right to be secure in her person against unreasonable searches and seizures as guaranteed to her under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

108.    Defendant Defendants knew that delaying Ellen Medina's emergency, police or ambulance/medical services and otherwise impeding her access to these emergency services could result in significant injury or the unnecessary and wanton infliction of pain but intentionally or recklessly disregarded Ellen Medina's serious needs, causing her great bodily harm and, ultimately, her death.  The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Ellen Medina and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

109.    As a result of their actions, Defendants are liable for Ellen Medina's injuries and death.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

COMPLAINT

Case 5:20-cv-01944-PSG-SP    Document 1    Filed 09/17/20    Page 22 of 31    Page ID
#:22

## TENTH CAUSE OF ACTION

### Medical Malpractice/Wrongful Death

### Against All Defendants and Does 1 Through 50, Inclusive

110.   Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 109 as if fully set forth herein.

111.   Defendants either individually and/or via their authorized agents and/or employees breached the appropriate standards of care and were negligent in one or more of the following respects:

   a.    Failed to properly monitor Ellen Medina's medical condition and/or addiction.

   b.    Failed to take appropriate medical action once Ellen Medina's medical condition didn't improve;

   c.    Failed to adequately and properly treat Ellen Medina's medical condition, when Defendants knew, or in the exercise of ordinary care should have known, said adequate and proper treatment was necessary to prevent serious injury and death;

   d.    Failed to timely transport Ellen Medina to a hospital, where she could receive life-saving treatment for her condition.

112.   As a proximate result of one or more of the foregoing negligent acts or omissions, Ms. Medina sustained injuries which resulted in her untimely death.

113.   Ms. Medina left a surviving daughter who has suffered pecuniary loss as a result of her death.

## ELEVENTH CAUSE OF ACTION

### Medical Malpractice/Survival Action

### Against All Defendants and Does 1 Through 50, Inclusive

114.   Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 113 as if fully set forth herein.

22
COMPLAINT

115.  As a proximate result of one or more of the foregoing negligent acts or omissions, Ellen Medina died, and had conscious pain and suffering before her death, and, had she survived, would have been entitled to bring an action for damages, which action has survived her.

116.  As a proximate result of the negligent and tortious acts herein alleged, Ellen Medina suffered great bodily harm to her person, ultimately resulting in her death sometime between on or about September 7 and September 11, 2019.  Each of the acts alleged herein were done negligently and with a disregard for the rights of the Ms. Medina and with the full knowledge that she would be harmed as a result of said acts.

117.  As a proximate result of the negligence and acts described herein, Ellen Medina and her minor daughter Ivy Doe, survivor Plaintiff, suffered the harm and injuries herein alleged and are entitled to the damages as set forth herein in an amount to be proved at trial.  Plaintiff will also seek prejudgment interest on all items of damages, including general and special damages.  These will include, but not be limited to, the loss or damage that Ellen Medina sustained or incurred before death, including all economic and noneconomic damages, lost wages, incidental damages, compensatory damages, as permitted by law, including those under California Code of Civil Procedure §685.010(a) and California Civil Code § 3291.

118.  As a further proximate result of the acts and omissions of Defendants and each of them, Decedent Ellen Medina's Estate is diminished to the extent of her future income.  Plaintiff as Successor-in-Interest to Decedent Ellen Medina's Estate thereby seeks pecuniary damages in an amount to reflect Ellen Medina's income that she would have earned over her lifetime.

119.  As a further proximate result of the acts and omissions of Defendants and each of them as herein alleged, Plaintiff incurred funeral and burial expenses and other incidental expenses.

# TWELFTH CAUSE OF ACTION

## Failure to Furnish / Summon Medical Care

## (Survival Action – California State Law)

## Against All Defendants and Does 1 Through 50, Inclusive

120.   Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 119 as if fully set forth herein.

121.   Defendants owed Ellen Medina a duty of care to provide her immediate medical care.

122.   The conduct of Defendants alleged herein, including but not limited to the facts that Defendants knew or had reason to know that Ellen Medina was in need of immediate medical attention at the times described in this Complaint and Defendants' failure to take reasonable actions to summon or provide that care, resulting in Ms. Medina's death as alleged herein, violated California state law, including Cal. Govt. Code §§ 844.6 and 845.6.

123.   The alleged conduct of Defendants was committed within the course and scope of their employment.

124.   As a direct and proximate result of Defendants' breach, Ellen. Medina suffered injuries and damages causing great pain and leading to her death, as alleged herein.

# THIRTEENTH CAUSE OF ACTION

## Wrongful Death – California Code Civ. Proc. § 377.60

## Against All Defendants and Does 1 Through 50, Inclusive

125.   Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 124 as if fully set forth herein.

126.   Ellen Medina's death was a direct and proximate result of the aforementioned wrongful and/or negligent acts and/or omissions of Defendants.

/ / / /

COMPLAINT

127.   Defendants' acts and/or omissions thus were also a direct and proximate cause of Plaintiff's injuries and damages, as alleged herein.

128.   As a direct and proximate result of Defendants' wrongful and/or negligent acts and/or omissions, Plaintiff incurred expenses for funeral and burial expenses in an amount to be proved.

129.   As a direct and proximate result of Defendants' wrongful and/or negligent acts and/or omissions, Plaintiffs suffered the loss of the services, society, care, and protection of her mother, the decedent Ellen Medina, as well as the loss of the present value of Ellen Medina's future services to her daughter. Plaintiff is further entitled to recover prejudgment interest.

130.   Plaintiff is entitled to recover punitive damages against individual Defendants who, with conscious regard of Ellen Medina's rights, failed to provide her with health care services meeting the professional standard of practice, and/or failed to adhere to legal and professional standards of correctional supervision and administration.

131.   The aforementioned acts of individual Defendants were conducted with conscious disregard for the safety of Ellen Medina and others, and were therefore malicious, wanton, and oppressive. As a result, Defendants' actions justify an award of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## PRAYER FOR EXEMPLARY DAMAGES

1.   As additional damages against Defendants' employees DOES 1 through 50, Plaintiff alleges that DOES 1 through 50 were guilty of malice, fraud, and oppression as defined in Civil Code 3294 and Plaintiff should recover, in addition to actual damages, damages to make an example of and to punish DOES 1 through 50 for the conduct described above and not limited to failing to assess Ellen Medina's

/ / / /

medical condition while in custody, and failing to provide Ellen Medina with medical care while she obviously required it resulting in Ellen Medina's death.

## **PRAYER FOR DAMAGES**

2.     As a proximate result of the acts and omissions of Defendants and each of them as alleged herein which caused the death of Ellen Medina, Plaintiff has sustained the pecuniary loss of society, comfort, protection, attention, love, personal services, advice, and training from Ellen Medina in the sum according to proof at trial.

3.     Further, Plaintiff incurred economic damages, including ambulance, medical, hospital, funeral and burial expenses in a sum according to proof at trial.

4.     As a further direct and proximate result of said injuries, Plaintiff incurred and will continue to incur a loss of future income and financial support as a result of the loss of earning capacity of her now deceased mother Ellen Medina, in addition to the reasonable value of household services that decedent would have provided to Plaintiff, and the loss of gifts or benefits that Plaintiff would have expected to receive from the Decedent.

Plaintiff suffered both economic and non-economic damages and as a result Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.     For future and past general and special damages in excess of the minimum jurisdiction for an unlimited civil case, the exact amount according to proof;

2.     For all medical, professional and incidental expenses, past and future, according to proof;

3.     For all loss of financial earnings, past and future, according to proof;

4.     For all past and future damages;

5.     For all costs of suit, according to proof;

6.     For loss of the enjoyment of life, and other general damages, past and future, according to proof;

7.     All statutorily allowed damages; and

COMPLAINT

8.    For punitive damages against DOES 1 through 50;

9.    For economic damages suffered by Plaintiff related to loss of earnings and loss of financial support from Decedent Ellen Medina, according to proof;

10.    For non-economic damages suffered by Plaintiff including, but not limited to, loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, other benefits and assistance of Decedent Ellen Medina in an amount in excess of jurisdictional minimum according to proof;

11.    For such other and further relief as this court may deem just and proper.

Dated: September 16, 2020          LAW OFFICES OF KIRT J. HOPSON

By   /s/Kirt J. Hopson
          Kirt J. Hopson

LAW OFFICE OF SCOTT JAMES EADIE

By   /s/Scott James Eadie
          Scott James Eadie
Attorneys for Plaintiff Mitchell Ira Roth, as
Guardian ad Litem for minor Ivy Doe

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of all causes by jury.

Dated: September 16, 2020          LAW OFFICES OF KIRT J. HOPSON

By   /s/Kirt J. Hopson
          Kirt J. Hopson

LAW OFFICE OF SCOTT JAMES EADIE

By   /s/Scott James Eadie
          Scott James Eadie
Attorneys for Plaintiff Mitchell Ira Roth, as
Guardian ad Litem for minor Ivy Doe

27

COMPLAINT

1    All signatories, other than the filer, on whose behalf this filing is submitted,

2  have concurred in the filing's content and have authorized the filing.

3

4  Dated: September 16, 2020    LAW OFFICES OF KIRT J. HOPSON

5    LAW OFFICE OF SCOTT JAMES EADIE

6

7    By___/s/Kirt J. Hopson_____

8    Kirt J. Hopson

9    Attorneys for Plaintiff Mitchell Ira Roth, as
   Guardian ad Litem for minor Ivy Doe

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF MITCHELL IRA ROTH
## AS GUARDIAN AD LITEM FOR MINOR IVY DOE

I, Mitchell Ira Roth, declare:

1.      I am an individual over the age of 18.  I have firsthand knowledge of the facts set forth in this declaration and, if called to do so, could testify to those facts, except for those facts stated upon information and belief, and, as to those facts, I believe them to be true and make this declaration pursuant to California Code of Civil Procedure§ 37732.

2.      I am the court-appointed guardian ad litem for minor Ivy Doe.

3.      The decedent's name is Ellen Medina, she was born December 12, 1988.

4.      The decedent's death occurred sometime between on or about September 7 and September 11, 2019, in the County of San Bernardino.

5.      No proceeding is now pending in California for administration of the decedent's estate.

6.      As the daughter of the decedent, minor Ivy Doe, through her guardian ad litem Mitchel Ira Roth, the declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding.

7.      No person other than those named in this Complaint have a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.

8.      A true and correct copy of Ellen Medina's certified Certificate of Death is attached hereto.

COMPLAINT

1    I declare under penalty of perjury under the laws of the State of California

2   that the above facts are true and correct. Executed on September  16 , 2020, in the

3   County of San Bernardino, California.

4

5   _____

6                                    Mitchell Ira Roth, Declarant

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATION OF VITAL RECORD**

# COUNTY of SAN BERNARDINO

### DEPARTMENT OF PUBLIC HEALTH

351 N. MT. VIEW AVENUE, SAN BERNARDINO, CALIFORNIA 92415-0010

**CERTIFICATE OF DEATH**
STATE OF CALIFORNIA
USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS
VS-11 (REV 3/08)

3201936010725

STATE FILE NUMBER — LOCAL REGISTRATION NUMBER

**DECEDENT'S PERSONAL DATA**

| | | |
|---|---|---|
| 1. NAME OF DECEDENT—FIRST (Given) ELLEN | 2. MIDDLE BETHANY | 3. LAST (Family) MEDINA |

AKA, ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST)

| 4. DATE OF BIRTH mm/dd/ccyy 12/12/1988 | 5. AGE Yrs. 30 | IF UNDER ONE YEAR Months / Days | IF UNDER 24 HOURS Hours / Minutes | 6. SEX F |
|---|---|---|---|---|

| 7. BIRTH STATE/FOREIGN COUNTRY CA | 10. SOCIAL SECURITY NUMBER 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 | 11. EVER IN U.S. ARMED FORCES? YES [X] NO UNK | 12. MARITAL STATUS/SRDP (at Time of Death) NEVER MARRIED | 8. DATE OF DEATH mm/dd/ccyy 09/09/2019 | 9. HOUR (24 Hours) 1620 |

| 13. EDUCATION – Highest Level/Degree SOME COLLEGE | 14/15. WAS DECEDENT HISPANIC/LATINO/A/SPANISH? (if yes, see worksheet on back) [X] YES MEXICAN AMERICAN NO | 16. DECEDENT'S RACE – Up to 3 races may be listed (see worksheet on back) NATIVE AMERICAN |

| 17. USUAL OCCUPATION – Type of work for most of life. DO NOT USE RETIRED CASHIER | 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) RETAIL | 19. YEARS IN OCCUPATION 10 |

**USUAL RESIDENCE**

| 20. DECEDENT'S RESIDENCE (Street and number, or location) 2144 LAVENDER LANE | | | | |
|---|---|---|---|---|
| 21. CITY COLTON | 22. COUNTY/PROVINCE SAN BERNARDINO | 23. ZIP CODE 92324 | 24. YEARS IN COUNTY 5 | 25. STATE/FOREIGN COUNTRY CALIFORNIA |

**INFORMANT**

| 26. INFORMANT'S NAME, RELATIONSHIP KIMBERLY ROWLANDS, MOTHER | 27. INFORMANT'S MAILING ADDRESS (Street and number, or rural route number, city or town, state and zip) 2144 LAVENDER LANE, COLTON, CA 92324 |

**SPOUSE/SRDP AND PARENT INFORMATION**

| 28. NAME OF SURVIVING SPOUSE/SRDP—FIRST | 29. MIDDLE | 30. LAST (BIRTH NAME) |
|---|---|---|

| 31. NAME OF FATHER/PARENT—FIRST SAMUEL | 32. MIDDLE JOSEPH | 33. LAST MEDINA | 34. BIRTH STATE CALIFORNIA |

| 35. NAME OF MOTHER/PARENT—FIRST KIMBERLY | 36. MIDDLE IRENE | 37. LAST (BIRTH NAME) BEAVOR | 38. BIRTH STATE CALIFORNIA |

**FUNERAL DIRECTOR/LOCAL REGISTRAR**

| 39. DISPOSITION DATE mm/dd/ccyy 10/01/2019 | 40. PLACE OF FINAL DISPOSITION RESIDENCE OF KIMBERLY ROWLANDS 2144 LAVENDER LANE, COLTON, CA 92324 |

| 41. TYPE OF DISPOSITION(S) CR/RES | 42. SIGNATURE OF EMBALMER ▶ FERNANDO CENTENO | 43. LICENSE NUMBER EMB8275 |

| 44. NAME OF FUNERAL ESTABLISHMENT COLTON FUNERAL HOME | 45. LICENSE NUMBER FD1031 | 46. SIGNATURE OF LOCAL REGISTRAR ▶ MAXWELL OHIKHUARE, MD | 47. DATE mm/dd/ccyy 09/26/2019 |

**PLACE OF DEATH**

| 101. PLACE OF DEATH WEST VALLEY DETENTION CENTER | 102. IF HOSPITAL, SPECIFY ONE IP / EVOP / DOA | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE Hospice / Nursing Home/LTC / Decedent's Home / Other [X] |

| 104. COUNTY SAN BERNARDINO | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) 9500 ETIWANDA AVE. | 106. CITY RANCHO CUCAMONGA |

**CAUSE OF DEATH**

| 107. CAUSE OF DEATH Enter the chain of events — diseases, injuries, or complications — that directly caused death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. | | Time Interval Between Onset and Death | 108. DEATH REPORTED TO CORONER? [X] YES NO |
|---|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) (A) PENDING | | — | 701906131 |
| Sequentially list conditions, if any, leading to cause on Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST (B) | | — | 109. BIOPSY PERFORMED? |
| (C) | | | 110. AUTOPSY PERFORMED? [X] YES NO |
| (D) | | | 111. USED IN DETERMINING CAUSE? [X] YES NO |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 | |
|---|---|

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (If yes, list type of operation and date.) | 115A. IF FEMALE, PREGNANT IN LAST YEAR? YES NO [X] UNK |

**PHYSICIAN'S CERTIFICATION**

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. Decedent Attended Since mm/dd/ccyy — Decedent Last Seen Alive mm/dd/ccyy | 115. SIGNATURE AND TITLE OF CERTIFIER ▶ | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|
| | 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE | | |

**CORONER'S USE ONLY**

| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. MANNER OF DEATH Natural / Accident / Homicide / Suicide / Pending Investigation [X] / Could not be determined | 120. INJURED AT WORK? YES NO UNK | 121. INJURY DATE mm/dd/ccyy | 122. HOUR (24 Hours) |
|---|---|---|---|

| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) | |

| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) | |

| 125. LOCATION OF INJURY (Street and number, or location, and city and zip) | |

| 126. SIGNATURE OF CORONER / DEPUTY CORONER ▶ JEFFRY B. LEWISON | 127. DATE mm/dd/ccyy 09/23/2019 | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER JEFFRY B. LEWISON, DEPUTY CORONER |

| STATE REGISTRAR | A | B | C | D | E | *01000100431915* | FAX AUTH.# | CENSUS TRACT |

## CERTIFIED COPY OF VITAL RECORD

STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO } SS     DATE ISSUED

This is a true and exact reproduction of the document officially registered and placed on file in the VITAL RECORDS SECTION, SAN BERNARDINO DEPARTMENT OF PUBLIC HEALTH.



Erin Gholston, MD

MAXWELL OHIKHUARE, M.D.
COUNTY HEALTH OFFICER
REGISTRAR OF VITAL STATISTICS

APR 2 1 2020



*002806309*

**This copy not valid unless prepared on engraved border displaying the date, seal and signature of Registrar.**
PBNCO (Rev) 06/17

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE